E-FILED
Wednesday, 24 June, 2020  12:45:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUIS AVILA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 20-cv-4032-JBM |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se*, pursues a § 1983 action for deliberate indifference to his serious medical needs at the East Moline Correctional Center ("EMCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff had a prison job and, on July 31, 2019, was assigned to an EMCC grounds crew. Plaintiff indicates that Defendant Supervisor Stone was cutting trees and indiscriminately throwing fallen branches which had accumulated on the ground. Plaintiff claims that one such branch hit the right side of his upper forehead resulting in a "silver dollar sized bump." Plaintiff

1

believes that he suffered a concussion and severe injury, those this has not been confirmed by medical personnel.

After he was injured, Plaintiff walked over to Defendant Supervisor Grant. Defendant Grant allegedly looked at him and told Plaintiff there was nothing wrong with him. Plaintiff alleges that at the time he was dizzy, had blurred vision, experienced leg weakness and head pain and was spitting out blood. Plaintiff asserts that Defendants Stone's comments and refusal to send him to the hospital or to the medical unit was a violation of an Employee Criminal Conduct Administrative Directive, not particularly identified.

It appears that Plaintiff was back at work the following day. At the end of the day, Defendant Stone began yelling at Plaintiff, stating that he must not want to go to the medical unit as he was not in his prison uniform. Plaintiff changed into his prison uniform and reported to the healthcare unit. Plaintiff characterizes these statements by Defendants Stone as amounting to "unethical corporal punishment."

Plaintiff reported to the healthcare unit, where he told Nurse Johnson of his injury, indicating that he was also suffering from migraine headaches, was stumbling, falling to the ground, and living in fear. He does not name the Nurse as a Defendant but claims that this individual intentionally and inaccurately completed the offender injury report. While it is not clear, Plaintiff's criticism seems to be directed to the Nurse's Note which records that Plaintiff denied loss of consciousness at the time of injury. Plaintiff, himself, provides conflicting accounts as to this issue. He claims both that he lost consciousness for five minutes and that after being hit, he "walked instantly over to supervisor K. Grant and explained to him what had occurred…"

2

Plaintiff states that Nurse Johnson noted a "little" abrasion of the right side of his fore-head. The abrasion was cleaned with soap and water and peroxide. The Nurse issued an ice bag permit for three days. Defendant Dr. Rankin viewed the Nurse's Notes on July 31, 2019 and sent Plaintiff back to work on August 4, 2019. Plaintiff indicates that he was seen in follow-up through August 21, 2019 and was provided Robaxin for his complaints of migraine headaches and neck pain.

On August 1, 2019, Plaintiff filed an emergency grievance of the matter with Defendant Counselor Brannon. It appears that the grievance was investigated and denied by Defendant Marrar, the Grievance Officer. Plaintiff appealed the denial of the grievance and the denial was confirmed by Defendant White of the Administrative Review Board ("ARB"). The matter was then appealed to Defendant Jeffreys, Director of the Illinois Department of Corrections ("IDOC") who upheld the denial.

Plaintiff claims that he now has migraine headaches, neck pain, nausea and sensitivity to sound. Plaintiff asserts that he should have undergone a CT scan, x-rays, or an MRI to determine whether his brain was bruised or concussed, and whether he might have sustained a hairline fracture. He alleges that Wexford and its parent corporation, Bantry Group, had a collegial review policy which provided that "if the injury is not causing the inmates (sp) death, it can be treated with medication (pills)…" Plaintiff believes the head injury may someday cause him to go blind.

## ANALYSIS

To successfully plead a deliberate indifference claim, Plaintiff must successfully assert that he had suffered a subjectively serious deprivation and that the offending party had a sufficiently culpable state of mind. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992). Deliberate

3

indifference to serious medical need has been described as action or inaction which results in the 'unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).

Here, Plaintiff cannot sustain a deliberate indifference claim for Defendant Stone's hitting him with the tree branch as he fails to sufficiently allege that Defendant Stone's actions in clearing the tree branches amounted to deliberate indifference. To act with deliberate indifference "officials must 'want[ ] harm to come to the prisoner,' or, at least, must possess 'total unconcern for a prisoner's welfare' in the face of 'serious risks.' Thus, a prisoner must show, at the least, 'recklessness,' which, for purposes of the Eighth Amendment, entails 'actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Duane v. Lane*, 959 F.2d 673, 676 (7th Cir. 1992) (internal citations omitted). Defendant Stone's actions, as pled here, suggest mere negligence which "does not satisfy the 'deliberate indifference' standard." *Wilson v. Seiter,* 501 U.S. 294 (1991).

Plaintiff also fails to us sufficiently plead a deliberate indifference claim as to Defendant Grant. While Plaintiff claims that he was experiencing significant symptoms, he does not claim that he relayed these symptoms or informed Defendant that he had experienced a five-minute loss of consciousness. He claims, rather, that Defendant "looked at him," and determined nothing was wrong. This would be consistent with Nurse Johnson's exam which noted a "little" abrasion to Plaintiff's forehead.

Plaintiff fails to plead a deliberate indifference claim against Nurse Johnson and Dr. Rankin as he appears to plead that he saw each of them saw him on only one occasion. When Nurse Johnson examined Plaintiff after the accident, she cleaned the abrasion and provided him an ice bag. Dr. Rankin reviewed these records and later saw Plaintiff, prescribing Robaxin for his

4

headache and neck pain. While Plaintiff claims he should have undergone a series of diagnostic tests, he does not reveal that he made any subsequent complaints to either Defendant or otherwise placed them on notice of symptoms which could, arguably, identify a need for testing.

Plaintiff also fails to plead a deliberate indifference claim against Wexford and the Bantry Group. He vaguely alleges that he was not sent for diagnostic testing because Wexford was attempting to cut costs. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) municipality liable will attach where constitutional injury resulted from a municipality's policy or practice). *See also, Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). Plaintiff has not pled, however, that any healthcare professional recommended diagnostic testing or, believed he needed diagnostic testing but did not order it due to a Wexford policy. As such, he fails to plead that he suffered injury due to a policy of Wexford or Bantry Group.

Plaintiff also names Defendants Brannon, White and Jeffreys alleging that they were deliberately indifferent for denying his related grievance. Section 1983 limits liability to public employees "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith,* 507 F.3d 605, 609–10 (7th Cir. 2007). These Defendants are DISMISSED as well.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff's deliberate indifference claim as to Defendant Stone is DISMISSED as Plaintiff cannot proceed under §1983 on a negligence claim. Plaintiff

will be given an opportunity, within 30 days, to replead his deliberate indifference claims against Nurse Johnson and Dr. Rankin and his *Monell* claim against Wexford. The pleading is to be captioned Amended Complaint and is to state all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. All other Defendants are dismissed.


____6/24/2020____                          _____s/Joe Billy McDade_____
ENTERED                                        JOE BILLY McDADE
                                               UNITED STATES DISTRICT JUDGE